[Crim. No. 20414. First Dist., Div. Three. Apr. 28, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
BETTY LOU HAVEN, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Dennis P. Riordan, Deputy State Public Defender, and Denise Anton for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and Nathan D. Mikara, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WHITE, P. J.**—By an information filed February 6, 1979, in the Superior Court of Humboldt County defendant and appellant Betty Lou Haven was charged with two counts of violating Health and Safety Code section 11352 (sale of heroin), one count of violating Penal Code section 137, subdivision (b) (threatening a witness) and one count of violating Penal Code section 182 (conspiracy to sell heroin). Appellant initially entered a plea of not guilty to all counts. Believing that the cumulative effect of charging all four counts would result in prejudice, appellant moved for an order severing count one (sale of heroin) from the remaining counts. Appellant's motion was denied.

On August 6, 1979, pursuant to a plea bargain, appellant withdrew her plea of not guilty and entered a plea of no contest to one count of violating Health and Safety Code section 11352. The plea was entered with the understanding that the trial court would sign a certificate of probable cause in order that appellant could argue on appeal that the denial of her severance motion was erroneous. (Pen. Code, § 1237.5.)

Appellant was sentenced to state prison for four years. A certificate of probable cause was filed and thereafter appellant filed a timely notice of appeal.

Appellant argues on appeal that her plea must be set aside because it was induced by her erroneous understanding that the denial of appellant's motion to sever was cognizable on appeal. The People agree that the judgment must be reversed and remanded to permit appellant to withdraw her plea.

■  Issues cognizable on an appeal following a plea of guilty or nolo contendere are limited to issues based on "reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" resulting in the plea. (Pen. Code, § 1237.5.) The reason for this rule is that "a plea of guilty admits all matters essential to the conviction." (*People* v. *DeVaughn* (1977) 18 Cal.3d 889, 895 [135 Cal.Rptr. 786, 558 P.2d 872].) Obtaining a certificate of probable cause does not make cognizable those issues which have been waived by a plea of guilty or nolo contendere. (*People* v. *Kaanehe* (1977) 19 Cal.3d 1, 9 [136 Cal.Rptr. 409, 559 P.2d 1028].) Therefore, section 1237.5 of the Penal Code does not expand the grounds upon which an appeal may be

taken after a plea of guilty or nolo contendere, but "merely establishes a procedure for screening out frivolous claims among these issues which have not been waived." (*Ibid.*) ■ Both appellant and the People agree that a motion to sever does not go to the legality of the proceedings and is not cognizable on appeal after a plea of nolo contendere. This court agrees.

However, a claim that a plea was improperly induced goes to the legality of the proceedings resulting in the plea and is cognizable on appeal. (*People v. DeVaughn, supra*, 18 Cal.3d 889, 896.) When the trial court exceeds its power and approves a plea bargain which preserves for appeal issues not cognizable on appeal, a defendant has been improperly induced to enter his plea. (*Ibid.*) Appellant's judgment must be reversed. (*Ibid.*)

Appellant and the People have waived oral argument and request that the remittitur issue immediately.

The judgment is reversed. The remittitur shall issue forthwith.

Scott, J., and Feinberg, J., concurred.