[No. F001902. Fifth Dist. Dec. 12, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
GEORGE KROTTER, Defendant and Appellant.

## COUNSEL

Kyle Gee, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Garrick W. Chock, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**\*—Appellant appeals the denial of his motion for change of venue after pleading nolo contendere to six counts of robbery. We hold that, under Penal Code section 1237.5,[1] appellant's contention is not reviewable on appeal.

### STATEMENT OF THE CASE

Appellant was charged by information with seven counts of robbery (§ 211), four counts of burglary (§ 459) and various other crimes and enhancement allegations. Since appellant's case had received extensive pretrial publicity, appellant filed a motion for change of venue which was denied.

---

\*Before Woolpert, Acting P. J., Best, J. and Hardin, J.†

[1] All statutory references are to the Penal Code unless otherwise indicated.

---

†Assigned by the Chairperson of the Judicial Council.

Jury selection commenced and it was agreed by all parties that each prospective juror would be questioned individually in chambers as to pretrial publicity. Subsequently, a jury panel and two alternate jurors were sworn to try the case which was set for trial.

On the day of trial, appellant entered pleas of nolo contendere to six counts of robbery. The remaining counts and enhancement allegations were dismissed pursuant to the plea condition which also included the condition that the total imprisonment term would not exceed 12 years.

After appellant was sentenced pursuant to the plea bargain, he filed a statement of probable cause for appeal from a plea of guilty and a notice of appeal. The court granted the application for certificate of probable cause on appeal.

## DISCUSSION

■ Appellant contends that the trial court erred in denying his motion for change of venue and that the case should be remanded so he may be given an opportunity to withdraw his nolo contendere pleas. Respondent contends that the issue may not be raised on appeal since appellant entered pleas of nolo contendere.

■ It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute. (*Skaff* v. *Small Claims Court* (1968) 68 Cal.2d 76, 78 [65 Cal.Rptr. 65, 435 P.2d 825].) Appellant was convicted on his pleas of nolo contendere. Section 1237.5 provides in pertinent part: "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where:

"(a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and

"(b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

In the instant case, the trial court issued a certificate of probable cause. ■ However, "[o]btaining a certificate of probable cause does not make cognizable those issues which have been waived by a plea of guilty or nolo contendere. [Citation.] Therefore, section 1237.5 of the Penal Code does not expand the grounds upon which an appeal may be taken after a plea of guilty or nolo contendere, but 'merely establishes a procedure for screening

out frivolous claims among these issues which have not been waived.' [Citation.]" (*People* v. *Haven* (1980) 107 Cal.App.3d 983, 985-986 [167 Cal.Rptr. 376].)

According to Witkin, the following contentions are not reviewable on appeal after a guilty or nolo contendere plea: "(1) That a defendant's statutory right to a speedy trial was violated. (*People* v. *Hayton* (1979) 95 C.A.3d 413, 418, . . .; *People* v. *Draughon* (1980) 105 C.A.3d 471, 473, . . .)

"(2) That discovery motions were improperly denied. (*People* v. *Castro* (1974) 42 C.A.3d 960, 963, . . . ['An order denying a motion to disclose the identity of an informant is not subject to review on appeal after the defendant has entered a plea of guilty. . . . This is so because the purpose of the motion relates solely to the defendant's guilt or innocence, an issue which is removed by the guilty plea']; *People* v. *Howard* (1976) 55 C.A.3d 373, 376, . . . [*Castro* case followed; defendant's unsuccessful motion attacking police failure to maintain contact with informer could not be preserved on appeal]; *People* v. *Coleman* (1977) 72 C.A.3d 287, 293, . . . [motion to disclose identity of informer].)

"(3) That a prior conviction was a misdemeanor, not a felony, where the character of the prior as a felony is an element of the offense the conviction of which is appealed. (*People* v. *Pinon* (1979) 96 C.A.3d 904, 910, . . . [guilty plea removed issue from consideration].)

"(4) That an arrest was illegal. (*People* v. *DeVaughn, supra,* 18 C.3d 895.)

"(5) That the plea was invalid because the record did not reflect a factual basis for the plea. (*People* v. *Pinon, supra,* 96 C.A.3d 909.)

"(6) That an extrajudicial statement was involuntarily or improperly induced. (*People* v. *DeVaughn, supra,* 18 C.3d 896 [contention did not raise issue based on grounds going to the legality of the proceeding resulting in the guilty plea].)

"(7) That a prior conviction was invalid for failure to show advisement and waiver of constitutional rights. (*People* v. *La Jocies* (1981) 119 C.A.3d 947, 957, . . . following *Pinon.*)

"(8) That a motion to sever was improperly denied. (*People* v. *Haven* (1980) 107 C.A.3d 983, 986, . . .)" (Witkin, Cal. Criminal Procedure (1983 supp. pt. 1) § 639C, pp. 863-864.)

■ Cases which have permitted appellate review are cases where there is some strong indication that the entry of the plea was not done with complete comprehension of the act of pleading or of the offense charged such as where one may not have been competent at the time of the plea (*People v. Laudermilk* (1967) 67 Cal.2d 272, 281-282 [61 Cal.Rptr. 644, 431 P.2d 228]). Similarly, where the plea is not truly voluntary, as where it was induced by a misrepresentation, review after a guilty plea is allowed if a motion to vacate the judgment or withdraw the plea of guilty is made at the trial court. (*People v. Rose* (1959) 171 Cal.App.2d 171 [339 P.2d 954].)

■ Under the plain meaning of the language of the statute and the above cases, it is clear that the denial of a change of venue motion is not reviewable after a plea of guilty or nolo contendere. Like many of the cases in which appellate review has been denied, a change of venue motion relates to the issue of guilt or innocence, i.e., the defendant's interest in receiving a fair trial. Contrary to appellant's contention, simply because a change of venue motion is designed to protect the fundamental right to a fair trial does not compel the conclusion that it is reviewable on appeal.

On this point, *People v. Haven, supra,* 107 Cal.App.3d 983 is instructive. There, it was held that the denial of a motion to sever was not reviewable on appeal after a plea of guilty. As with change of venue motions, it is clear that motions to sever are designed to protect the right to a fair trial, i.e., by not prejudicing the jury against the defendant charged with many unrelated crimes.

Similarly, in *People v. DeVaughn* (1977) 18 Cal.3d 889, 896 [135 Cal.Rptr. 786, 558 P.2d 872], the Supreme Court held that a denial of a motion to suppress involuntary incriminating extrajudicial statements is not reviewable after a plea of guilty. While extrajudicial statements are more closely related to the Fifth Amendment right against self-incrimination, an erroneous decision to admit a confession into evidence at the defendant's trial, for example, will also prejudice his right to a fair trial. The prejudice to the defendant's case is such that on appeal, the error is reversible per se. (*People v. Pettingill* (1978) 21 Cal.3d 231, 238 [145 Cal.Rptr. 861, 578 P.2d 108].) Thus, simply because the alleged error goes to a fundamental right of the defendant does not mean that the issue is preserved for appeal upon a plea of guilty or nolo contendere. Rather, the determinative question is whether the issues appealed relate to the question of guilt, which is admitted upon entry of a plea of guilty or nolo contendere. We believe a change of venue motion indirectly relates to the question of guilt and thus is not reviewable after a nolo contendere plea.

■ A more interesting question is posed by appellant's contention that appellant was involuntarily coerced into pleading guilty in order to cut his

losses after the denial of his change of venue motion made it clear to him that he would not receive a fair trial. Without addressing the question of whether appellant's contention might have some merit under the proper circumstances, it is clear that in this case appellant's contention must fail.

In essence, appellant is contending that, given the denial of his venue motion, appellant had no choice but to accept a plea bargain in order to cut his losses since he could not reasonably expect to receive a fair trial. The flaw in appellant's argument is that appellant, in fact, did have other reasonable alternatives before deciding to enter into the plea bargain. First, appellant could have sought appellate review of the denial of the venue motion through a writ of mandate. "[I]f the application appears meritorious the appellate court pending its own decision can stay a trial court proceeding." (*Maine* v. *Superior Court* (1968) 68 Cal.2d 375, 381 [66 Cal.Rptr. 724, 438 P.2d 372]; see also *Odle* v. *Superior Court* (1982) 32 Cal.3d 932, 943 [187 Cal.Rptr. 455, 654 P.2d 225].) Moreover, appellant had a second reasonable alternative available to him: "If the appellate court denied the application [for writ of mandate] or if appellate review is not sought, defense counsel can continue under the previous practice, to renew his motion for a change of venue during or after the *voir dire* examination of prospective jurors, and the trial court should order a venue change if the situation so merits." (*Maine, supra,* at p. 381; see also *Odle, supra,* at p. 943.) In the instant case, appellant failed to renew his motion for change of venue either during the voir dire process or after it was completed. At that point, the trial court was in a better position to determine whether appellant could receive a fair trial since it knew to what extent the selected jury had heard of appellant's case and the prejudicial impact of the pretrial publicity regarding the crimes and appellant.

It is clear that appellant had at least two reasonable alternatives to pleading nolo contendere at the time that he did. Therefore, it is clear that appellant's decision to plead nolo contendere in exchange for a bargained-for disposition was a voluntary choice and not coerced by the denial of his change of venue motion.

The judgment is affirmed.

Appellant's petition for a hearing by the Supreme Court was denied February 27, 1985.