Filed 11/25/13  P. v. Brisco CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>              v.<br><br>JASON WILLIS BRISCO,<br><br>      Defendant and Appellant. | F064802<br><br>(Tuolumne Super. Ct.<br>No. CRF35560)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tuolumne County.  Eric L. DuTemple, Judge.

Jean M. Marinovich, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Rebecca Whitfield, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## SEE CONCURRING OPINION

Jason Brisco appeals from a judgment of conviction for felony possession of marijuana for sale (Health & Saf. Code,[1] § 11359). The judgment was entered upon a guilty plea and pursuant to a plea bargain, the terms of which purported to preserve Brisco's right to appeal the denial of a pretrial motion concerning jury instructions. Brisco sought to have the jury instructed on affirmative defenses recognized under California's medical marijuana laws.

Brisco requests permission to withdraw his plea and asks that we reverse the court's ruling on his pretrial motion. He claims both forms of relief are appropriate because the denial of his motion resulted from the trial court's erroneous interpretation of applicable law. Respondent concedes Brisco should be allowed to withdraw his plea, but only because the lower court committed procedural error by promising to certify an issue that was extinguished by the guilty plea and is not cognizable on appeal.

Accepting respondent's concession, we find Brisco relied upon assurances from the trial court, and apparently from the prosecution and his own counsel, that a guilty plea would not extinguish his right to challenge the pretrial ruling on appeal. Claims of error in pretrial rulings are foreclosed by operation of law once judgment is entered on the defendant's plea. Therefore, Brisco cannot obtain appellate review of the pretrial ruling. As a result, he cannot be given the full benefit of the plea bargain, and must be permitted to retract his admission of guilt.

Notwithstanding the procedural error, the type of ruling at issue is rarely subject to appellate review in the absence of a trial on the merits. Decisions on motions in limine and requests for jury instructions typically depend on the state of the evidence at the time of trial and are subject to reconsideration until the cause is submitted to the jury. In other words, the trial court retains discretion to make a different ruling as the evidence unfolds.

[1] All further statutory references are to the Health and Safety Code unless otherwise stated.

2.

Even if we could reach the merits of Brisco's claim procedurally, it would not be possible to render a dispositive ruling from the meager record that is before us.

The judgment is reversed with directions to allow Brisco to withdraw his guilty plea on remand. We neither affirm nor reverse the trial court's ruling on his pretrial motion. The question of Brisco's entitlement to an affirmative defense instruction under the medical marijuana statutes cannot be reached in this appeal.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Brisco participated in a business known as Foothill Care Collective (FCC) in Sonora. The Tuolumne County Sheriff's Department suspected FCC of operating a marijuana dispensary. Narcotics detectives conducted an investigation into the activities of FCC over a period of approximately five months, beginning with surveillance of its business premises in December 2010 and culminating in the arrest of four individuals, including Brisco, in May 2011.

The investigation uncovered evidence indicating FCC operated on a membership basis, limiting its customer base to individuals with a valid physician's recommendation for the use of medical marijuana and a state-issued medical marijuana card. In addition to producing a driver's license and proper medical marijuana documentation, prospective members were required to fill out paperwork and agree to certain membership rules. If the conditions for membership were met, one could access FCC's product room where marijuana was available for purchase.

On or about May 25, 2011, the Sheriff's Department executed search warrants and arrest warrants at multiple locations including FCC's business address and Brisco's personal residence. When arrested, Brisco claimed he had nothing to hide and agreed to answer questions about FCC's operations. He told police FCC was a nonprofit business

---

[2] The facts relating to the charged offenses are taken from the preliminary hearing transcript.

that sold medical marijuana to eligible buyers. Employees were paid approximately $325 per week. Brisco confirmed the employees were not patient "caregivers" and did not render "caregiving services," nor were they qualified to provide such services.

On August 26, 2011, the Tuolumne County District Attorney filed a criminal information charging Brisco and three codefendants with multiple felonies relating to their involvement in FCC. Brisco was charged with possession of marijuana for sale (§ 11359; count 1), conspiracy to possess marijuana for sale (Pen. Code, § 182, subd. (a)(1); count 2), and sale or transportation of marijuana (§ 11360, subd. (a); counts 6, 7 & 8). He pled not guilty to all charges.

On January 27, 2012, the prosecution filed a pretrial motion in limine seeking to prohibit the admission of any evidence relating to affirmative defenses recognized under the Compassionate Use Act of 1996 (CUA) (§ 11362.5) and California's Medical Marijuana Program (MMP) (§ 11362.7 et seq.). The prosecution argued such defenses were unavailable to Brisco because (1) he did not qualify as a "primary caregiver" within the meaning of section 11362.7 and (2) his collective, FCC, engaged in "post-harvest group marijuana activity," namely the sale of marijuana. On February 1, 2012, Brisco filed a pretrial motion seeking to allow jury instructions on affirmative defenses under the CUA and MMP.

Brisco's motion was denied at a trial readiness conference held on February 6, 2012. No ruling was issued with respect to the prosecution's related motion to exclude evidence of affirmative defenses. The court's decision prompted a request by defense counsel to withdraw Brisco's earlier plea of not guilty so he could accept an offer of compromise made by the prosecution. The compromise was apparently negotiated during a chambers conference in light of the trial court's inclination to deny the defense motion.

The prosecution explained the terms of the plea bargain and offered a factual basis for Brisco's anticipated guilty plea, incorporating the transcript of the preliminary hearing

held August 26, 2011, and all documents on file in the case. The trial court found the proffered basis to be adequate. The court also allowed Brisco's acceptance of the plea deal to be contingent upon his ability to appeal its denial of the pretrial motion.[3] Brisco withdrew his plea of not guilty and pled guilty under count 1 to possession of marijuana for sale. All remaining counts were dismissed at the prosecution's request.

Brisco received five years' probation for the felony conviction and was ordered to serve a six-month jail term, with execution of sentence stayed pending appeal. A notice of appeal and certificate of probable cause were timely filed on April 16, 2012. The certificate identifies the grounds for appeal as "Denial of Medical Marijuan[a] defense, expert and jury instruction on medical marijuana defense." It further states: "Appellate rights were specifically left open for Defendants to appeal this decision."

## DISCUSSION

### I. Legal Issues Raised on Appeal.

Brisco contends the trial court erred in denying his pretrial motion to allow jury instructions on affirmative defenses recognized under California's medical marijuana laws, i.e., the CUA and MMP. Brisco's motion specifically pertained to the immunities in section 11362.775 which apply to medical marijuana collectives and members of such collectives who are "qualified patients" or "persons with valid identification cards" as defined by the MMP.

Respondent contends Brisco's claim is not cognizable on appeal under section 1237.5 of the Penal Code. We agree.

---

[3] The acknowledgement on the record was less than explicit ("[W]e're agreeing that they can take that issue up on appeal …") but readily apparent from the surrounding context and statements made at the time of sentencing. Respondent and Brisco are in agreement on this point.

5.

## II. Brisco's Ability to Assert an Affirmative Defense Under the CUA and/or MMP Cannot be Decided in this Appeal.

Penal Code section 1237.5 authorizes an appeal from a judgment of conviction upon a plea of guilty or nolo contendere when the defendant has received a certificate of probable cause from the court indicating "reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings." (Pen. Code, § 1237.5, subds. (a), (b).) The California Rules of Court additionally authorize an appeal from a plea-based judgment of conviction on grounds occurring after entry of the plea which do not challenge the validity of the plea or which involve a Penal Code section 1538.5 ruling. (Cal. Rules of Court, rule 8.304(b).) Otherwise, it is well settled that all errors arising prior to entry of a guilty plea are waived. (*People v. Lilienthal* (1978) 22 Cal.3d 891, 897; *People v. Egbert* (1997) 59 Cal.App.4th 503, 509.)

Waiver occurs as an inherent part of the plea process. "By pleading guilty, a defendant admits the sufficiency of the evidence establishing the crime, and is therefore not entitled to a review on the merits. [Citations.]" (*People v. Meyer* (1986) 183 Cal.App.3d 1150, 1157.) Matters concerning the defendant's guilt or innocence are not among the issues cognizable on appeal from a guilty plea conviction. (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1178 (*Hoffard*); *People v. Voit* (2011) 200 Cal.App.4th 1353, 1364.) As contemplated by section 1237.5, reasonable constitutional and jurisdictional grounds for an appeal following a guilty plea are generally limited to questions which go to the power of the state to prosecute the defendant despite his guilt. (*People v. Halstead* (1985) 175 Cal.App.3d 772, 778.) "In other words, in the language of the statute, defendant can only raise 'grounds going to the legality of the proceedings.' (§ 1237.5 [, subd. (a)].)" (*People v. Turner* (1985) 171 Cal.App.3d 116, 126.)

Pursuant to the above authorities, Brisco's ability to have the jury instructed on affirmative defenses under the CUA and/or MMP is a noncognizable issue. (See also *People v. McNabb* (1991) 228 Cal.App.3d 462, 470-471 [guilty plea operates as a waiver

6.

of affirmative defenses and challenges to related pretrial rulings]; *People v. Shults* (1984) 151 Cal.App.3d 714, 718-720 [challenge to erroneous in limine ruling not cognizable on appeal following defendant's plea of nolo contendere].) This procedural barrier cannot be circumvented. "An issue which is not cognizable on appeal following a guilty plea cannot be made cognizable by agreement of the parties or by the issuance of a certificate of probable cause. [Citation.]" (*People v. Thurman* (2007) 157 Cal.App.4th 36, 43, citing *Hoffard*, *supra*, 10 Cal.4th at p. 1178). The issuance of a certificate of probable cause "relates only to the 'procedure in perfecting an appeal from a judgment based on a plea of guilty[;]' " it does not expand the grounds upon which the appeal can be taken. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 896, citations omitted (*DeVaughn*).)

### III. Brisco Must be Allowed to Withdraw His Plea.

Respondent makes the following concession with regard to Brisco's guilty plea. First, "[a]s part of appellant's plea, he was promised that his appellate rights were specifically left open to appeal the lower court's denial of his instructional motion." Second, "appellant relied on the trial court[']s agreement to preserve his right to appeal the denial of [his] … motion." We accept the concession and find it is supported by the record, including the certificate of probable cause signed by the trial court.

The validity of Brisco's plea may be attacked on grounds that it was beyond the power of the trial court to bargain with him to preserve, for appellate purposes, issues that were eliminated by his guilty plea as a matter of law. The challenge is cognizable under section 1237.5 because the plea was improperly induced by misrepresentations of a fundamental nature. (*DeVaughn*, *supra*, 18 Cal.3d at p. 896; *People v. Hollins* (1993) 15 Cal.App.4th 567, 574-575 (*Hollins*).) Therefore, since Brisco cannot be given the benefit of his plea bargain, which entailed dispositive appellate review of his pretrial motion, the judgment of conviction must be reversed with instructions to allow Brisco to withdraw his plea. (*Hollins*, *supra*, 15 Cal.App.4th at pp. 574-575; see also *People v.*

7.

*Burns* (1993) 20 Cal.App.4th 1266, 1274; *People v. Haven* (1980) 107 Cal.App.3d 983, 985-986.)

Both parties agree that permission to withdraw the guilty plea is an appropriate remedy. Brisco, however, implores us to find a way to either affirm or reverse the trial court's denial of his pretrial motion so that he can intelligently decide whether to take the case to trial. He suggests this can be accomplished by treating the appeal as a petition for writ of mandate. Converting an appeal into a petition for a writ is something appellate courts do sparingly and only in unusual circumstances. (*Olson v. Cory* (1983) 35 Cal.3d 390, 396, 400-401; *Black Diamond Asphalt, Inc. v. Superior Court* (2003) 114 Cal.App.4th 109, 114-115.) The procedure is not warranted here.

A pretrial decision on the availability of a jury instruction is not binding since trial courts have the inherent authority to reconsider interim rulings. (*People v. Apodaca* (1978) 76 Cal.App.3d 479, 487, disapproved on other grounds in *People v. Davis* (1994) 7 Cal.4th 797, 804 [pretrial ruling denying defendant's motion for a particular jury instruction is not binding on the trial judge]; see also *People v. Castello* (1998) 65 Cal.App.4th 1242, 1246 ["In criminal cases, there are few limits on a court's power to reconsider interim rulings"].) Such decisions are similar to rulings on motions in limine, which are "necessarily tentative because the court retains discretion to make a different ruling as the evidence unfolds…." (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1174.)

Before it was persuaded to focus on the primary caregiver issue, the trial court described the evidence in the record as "extremely limited in relationship to what may be in front of the jury at the time the Court decides what to instruct." The parties were advised that any ruling on the pretrial motion would be "conditional based upon how the evidence presents itself [at trial.]" On appeal, Brisco asks us to usurp the role of the trial judge by deciding the propriety of an evidence-based jury instruction from a record containing little more than a transcript of the preliminary hearing (at which only the prosecution presented evidence). To do so would be imprudent and impermissible.

## **DISPOSITION**

The judgment is reversed and the case is remanded to the trial court. The trial court is directed to permit Brisco to withdraw his plea of guilty. If he chooses to do so, the guilty plea should be vacated. The trial court should then reinstate the charges in the information, if the prosecution so moves, and proceed to trial or make other appropriate dispositions. If Brisco elects not to file a motion to withdraw his guilty plea, the trial court is directed to reinstate the original judgment.

_____
Poochigian, J.

I CONCUR:


_____
Detjen, J.

9.

**GOMES, J., Concurring**

I concur with the disposition reached by my colleagues, as it is the only permissible outcome. I write separately because the underlying legal issues warrant further discussion.

When it certified the matter for appeal, the trial court sought, or at least invited us to provide, guidance with respect to the relevant authorities governing affirmative defenses under California's medical marijuana statutes. It did so in error, and such irregularities in the plea bargaining process should be discouraged rather than countenanced. However, this case presents the type of situation where it is permissible to address specific legal questions raised in the trial court and likely to recur on remand. In the interest of fairness, judicial economy, and to forestall unnecessary appellate proceedings in the future, I add the following observations regarding the applicable law, both at the time of Brisco's plea and now, nearly two years later. (See *People v. DeVaughn* (1977) 18 Cal.3d 889, 893, 896-897; *People v. Marlin* (2004) 124 Cal.App.4th 559, 567-568; *People v. Bowie* (1992) 11 Cal.App.4th 1263, 1267-1268.)

Brisco attempted to assert an affirmative defense that is statutorily recognized for medical marijuana collectives and members of such collectives who are "qualified patients" or "persons with valid identification cards" as defined by California's Medical Marijuana Program (MMP) (Health & Saf. Code,[1] § 11362.7 et seq.). For purposes of his pretrial motion, the prosecution stipulated to the fact that Brisco possessed a valid medical marijuana identification card, i.e., a document issued by the State Department of Health Services authorizing him to engage in the medical use of marijuana. (§11362.7, subd. (g).) A cardholder is afforded the same legal protections as a "qualified patient,"

---

[1] All undesignated statutory references are to the Health and Safety Code.

since the latter simply refers to an individual "who is entitled to the protections of Section 11362.5, but who does not have an identification card." (§ 11362.7, subds. (c), (f).)

The statute upon which Brisco's defense was based, section 11362.775, provides: "Qualified patients, persons with valid identification cards, and the designated primary caregivers of qualified patients and persons with identification cards, who associate within the State of California in order collectively or cooperatively to cultivate marijuana for medical purposes, shall not solely on the basis of that fact be subject to state criminal sanctions under Section 11357 [possession], 11358 [cultivation], 11359 [possession for sale], 11360 [transportation, administration, or furnishing], 11366, 11366.5, or 11570."

Brisco's motion relied on the plain language of section 11362.775 and a handful of cases interpreting the statute, including *People v. Hochanadel* (2009) 176 Cal.App.4th 997 (*Hochanadel*) and *People v. Urziceanu* (2005) 132 Cal.App.4th 747 (*Urziceanu*). In the view expressed by the Third District Court of Appeal in *Urziceanu*, the enactment of section 11362.775 "exempted those qualifying patients and primary caregivers who collectively or cooperatively cultivate marijuana for medical purposes from criminal sanctions for possession for sale, transportation or furnishing marijuana, [and] maintaining a location for unlawfully selling, giving away, or using controlled substances …." (*Urziceanu*, *supra*, 132 Cal.App.4th at p. 785.)

The *Urziceanu* opinion describes section 11362.775 as representing "a dramatic change in the prohibitions on the use, distribution, and cultivation of marijuana for persons who are qualified patients *or* primary caregivers ...." (*Urziceanu*, *supra*, 132 Cal.App.4th at p. 785, emphasis added.) Moreover, "[i]ts specific itemization of the marijuana sales law indicates it contemplates the formation and operation of medicinal marijuana cooperatives that would receive reimbursement for marijuana and the services provided in conjunction with the provision of that marijuana." (*Ibid*.) In other words, the protections of the statute go beyond mere possession and cultivation and extend to crimes such as possession for sale and actual sale of marijuana. (*Id*. at p. 784.) Section

2.

11362.775 also shields qualified patients, cardholders, and primary caregivers from a charge of criminal conspiracy to engage in such activities.  (*Urziceanu, supra,* 132 Cal.App.4th at p. 785, fn. 9.)

The Fourth District's opinion in *Hochanadel* likewise holds that under section 11362.775, "cooperatives and collectives operated by primary caregivers *and/or* medical marijuana patients may have a defense to certain narcotics offenses, including [possession of marijuana for sale under section 11359, transportation of marijuana under section 11360 and maintaining a business for the purpose of selling marijuana under section 11366]."  (*Hochanadel, supra*, 176 Cal.App.4th at p. 1017, emphasis added.)  The operation of a "storefront dispensary" is not inconsistent with the MMP and does not preclude an affirmative defense under section 11362.775.  (*Hochanadel, supra*, 176 Cal.App.4th at p. 1011, citing the California Attorney General's Guidelines for the Security and Non-Diversion of Marijuana Grown for Medical Use (Aug. 2008) <http://ag.ca.gov/cms_attachments/press/pdfs/n1601_medicalmarijuanaguidelines.pdf> [as of Nov. 18, 2013].)  "Nothing in section 11362.775, or any other law, prohibits cooperatives and collectives from maintaining places of business."  (*Hochanadel, supra*, 176 Cal.App.4th at p. 1018.)

The California Supreme Court has offered similar interpretations of the law, noting, contrary to the arguments of the prosecution below, that the protections of section 11362.775 extend beyond possession and cultivation.  (See, e.g., *People v. Kelly* (2010) 47 Cal.4th 1008, 1017, fn. 9 ["[T]he MMP provides, in sections 11362.765 and 11362.775, immunity from criminal liability for other crimes, in addition to the offenses of marijuana possession and cultivation."].)  To further refute the prosecution's assertion that "storefront dispensaries" are illegal, Brisco's defense counsel argued that the validity of such operations was implied by the Legislature when it enacted section 11362.768, which restricts the location of medical marijuana cooperatives, collectives, and dispensaries having "a storefront or mobile retail outlet" to locations more than 600 feet

3.

from schools. (§ 11362.768, subd. (e).) Incidentally, the Fourth District later employed the same reasoning as part of its holding in *People v. Jackson* (2012) 210 Cal.App.4th 525 (*Jackson*), discussed *infra*. (*Jackson* at p. 537 ["In enacting this limitation, the Legislature seemed to express its understanding that ... the MMPA permits retail dispensaries."].)

Despite the authorities cited by defense counsel, the trial court accepted the prosecution's argument that an affirmative defense under the MMP would only be available if Brisco could establish he was a primary caregiver (as opposed to a qualified patient or cardholder) vis-à-vis the members of his collective to whom marijuana was sold. It is not entirely clear from the record how the trial court arrived at this conclusion, since cases like *Urziceanu* hold that qualified patients who lawfully participate and engage in the activities of a cooperative or collective "fall within the purview of section 11362.775." (*Urziceanu*, *supra*, 132 Cal.App.4th at p. 786.) The trial court referenced *People v. Mentch* (2008) 45 Cal.4th 274 (*Mentch*), but *Mentch* does not hold or even suggest that a section 11362.775 defense is available only to primary caregivers. Section 11362.775 was not at issue in *Mentch* and the opinion contains no reference to the statute or any component of the MMP pertaining to cooperatives and collectives.

Brisco did not attempt to classify himself as a primary caregiver in the proceedings below. Defense counsel informed the trial court that no evidence of primary caregiver status would be forthcoming at trial. Consequently, and for this sole reason, Brisco's pretrial motion was denied.

On appeal, Brisco attempts to bolster his position by referring to additional authorities, the most notable of which is *People v. Colvin* (2012) 203 Cal.App.4th 1029 (*Colvin*). The Second District published *Colvin* approximately two weeks after the denial of Brisco's pretrial motion and the entry of his plea to the charge of possession of marijuana for sale. The *Colvin* defendant operated two marijuana dispensaries which together had approximately 5,000 members. He was arrested while delivering marijuana

from one dispensary to the other and charged with sale or transportation of marijuana (§11360, subd. (a)) and possession of concentrated cannabis (§ 11357, subd. (a)). The defendant asserted an affirmative defense pursuant to section 11362.775 based on his status as a qualified patient under the MMP. (*Colvin*, *supra*, 203 Cal.App.4th at pp. 1032-1034.)

The main issue in *Colvin* was whether the protections of section 11362.775 encompass transportation of marijuana as part of the activities of a medical marijuana cooperative or collective. The appellate court answered this question in the affirmative. (*Colvin*, *supra*, 203 Cal.App.4th at p. 1041.) Relevant to the issues raised by Brisco, the opinion expressly recognizes the availability of an affirmative defense under section 11362.775 to qualified patients and primary caregivers alike. "On the face of the statute, to be entitled to a defense under section 11362.775, a defendant must, first, be either a qualified patient, person with a valid identification card or a designated primary caregiver. Second, the defendant must associate with like persons to collectively or cooperatively cultivate marijuana. (§ 11362.775.) There is no dispute as to the first requirement, namely, that [the defendant] was a qualified patient." (*Colvin*, *supra*, at p. 1037.)

The Fourth District followed *Colvin* in the subsequent case of *Jackson*, *supra*. The *Jackson* defendant was one of six individuals who operated a medical marijuana collective that served approximately 1,600 members. He was charged with possession of marijuana for sale and sale of marijuana in connection with the routine activities of the collective. (*Jackson*, *supra*, 210 Cal.App.4th at p. 529) The appeal arose from a trial court ruling in favor of the prosecution on a motion to exclude evidence of an affirmative defense under the MMP (which the court abbreviated as the "MMPA"). As in *Colvin*, the issues centered around section 11362.775.

Although the *Jackson* defendant proffered sufficient evidence regarding qualified patient status and the non-profit nature of his enterprise, the trial court found the size of

5.

the collective and lack of evidence regarding cultivation activity by other members precluded any defense under section 11362.775. (*Jackson*, *supra*, 210 Cal.App.4th at p. 529.) The appellate court reversed, summarizing its holding as follows: "The defense the MMPA provides to patients who participate in collectively or cooperatively cultivating marijuana requires that a defendant show that members of the collective or cooperative: (1) are qualified patients who have been prescribed marijuana for medicinal purposes, (2) collectively associate to cultivate marijuana, and (3) are not engaged in a profit-making enterprise. As we interpret the MMPA, the collective or cooperative association required by the act need not include active participation by all members in the cultivation process but may be limited to financial support by way of marijuana purchases from the organization. Thus, contrary to the trial court's ruling, the large membership of [the] collective, very few of whom participated in the actual cultivation process, did not, as a matter of law, prevent [defendant] from presenting an MMPA defense." (*Id*. at pp. 529-530.)

Here, the Attorney General has understandably refrained from arguing or attempting to justify the trial court's stated grounds for denying Brisco's pretrial motion, i.e., his inability to show that he was a primary caregiver in relation to the members of his medical marijuana collective. Brisco nevertheless finds himself in a precarious position. He laments that proceeding to trial on remand will be futile because the trial court's ruling "gutted [his] case by depriving him of his only defense." Believing his conviction to be inevitable, Brisco claims he will have to slog through another cycle of appellate proceedings to establish his right to an affirmative defense instruction under section 11362.775.

Brisco's prediction may come to pass, but other scenarios are possible. Besides filing a motion to withdraw his plea, Brisco may request that the court reconsider its pretrial ruling, which the court may do any time prior to the conclusion of trial. (*People v. DeLouize* (2004) 32 Cal.4th 1223, 1231 ["Generally speaking, courts may correct

6.

judicial error in the making of interim orders or in limine rulings until pronouncement or entry of a judgment."].)  Therefore, the outcome of his case is not necessarily a foregone conclusion.

I agree with the majority that this tribunal is not in a position to reach the merits of Brisco's appeal in terms of his entitlement to the affirmative defense instruction.  Any attempt to do so would invade the province of the trial judge to determine if sufficient evidence exists to warrant the instruction beyond the stipulation that Brisco was a cardholder/qualified patient.  This does not mean, however, that we must turn a blind eye to the readily apparent misconceptions which influenced the pretrial proceedings.

California jurisprudence on medical marijuana has been anything but stagnant in the two years since Brisco was charged in the underlying matter.  The opinions in *Colvin* and *Jackson*, *supra*, are among those which reflect an evolving legal landscape.  I would urge both the trial court and the District Attorney to give due consideration to the current state of the law in all future proceedings on remand.

_____

Gomes, Acting P.J.

7.