Filed 1/27/14  P. v. Sullivan CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B249743 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA374465) |
| v. | |
| COREY SULLIVAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig Richman, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Corey Sullivan entered into a case settlement agreement with the prosecution in which he (1) plead no contest to two counts of second degree robbery (Pen. Code, § 211);[1] (2) admitted suffering a serious or violent felony conviction (§ 667, subd. (a)), and a conviction under the three strikes law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)); (3) admitted that one of the robberies was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)); and (4) admitted that a principal in one of the robberies was armed with a deadly or dangerous weapon (§ 12022, subd. (a)(1)). Pursuant to the settlement agreement, nine additional felony counts were dismissed and defendant was sentenced to 28 years in state prison.

Defendant filed a notice of appeal. The notice indicated the appeal is based on the sentence or other matters occurring after the appeal, and the appeal challenges the validity of the plea or admission. Defendant's request for a certificate of probable cause was denied by the trial court.

This court appointed counsel to represent defendant on appeal. On December 11, 2013, appointed counsel filed a brief raising no issues, asking this court to independently review the record for arguable appellate contentions under *People v. Wende* (1979) 25 Cal.3d 436. Defendant was advised of his right to file a supplemental brief within 30 days. Defendant's request for an extension of time to file his supplemental brief was granted.

On January 14, 2014, defendant filed a supplemental brief raising multiple issues, including improper denial of his motion for severance, insufficiency of the evidence to support his conviction as an aider and abettor, erroneous failure to dismiss the gang enhancement allegation, ineffective assistance of trial counsel due to a failure to advise defendant regarding potentially meritorious grounds for appeal and urging defendant to accept the case settlement rather than risk 94 years in prison if convicted at trial, and his guilty plea was involuntary.

---

[1] All statutory references are to the Penal Code.

The legal effect of a no contest plea to a felony is the same as a plea of guilty. (§ 1016, subd. 3; *People v. Wallace* (2004) 33 Cal.4th 738, 749.)  Defendant's contention that the trial court erred in denying his motion to sever is not reviewable on appeal following a guilty plea.  (*People v. Haven* (1980) 107 Cal.App.3d 983, 985-986.)  All of defendant's contentions regarding the sufficiency of the evidence are also not cognizable on appeal.  A guilty plea concedes the sufficiency of the evidence to prove guilt beyond a reasonable doubt and waives any right to question the sufficiency of the evidence on appeal.  (*People v. Robinson* (1997) 56 Cal.App.4th 363, 369.)

Defendant's claim of ineffective assistance of trial counsel is not supported by the record on appeal.  First, the appellate record does not fully set forth the interaction between counsel and defendant, nor does it contain an explanation for trial counsel's actions.  Under these circumstances, relief cannot be granted on direct appeal.  (*People v. Carter* (2005) 36 Cal.4th 1114, 1189; *People v. Cunningham* (2001) 25 Cal.4th 926, 1031.)  On the face of the record, it appears counsel reasonably recommended that defendant enter into the case settlement agreement, which produced a sentence of less than one-third of defendant's maximum exposure.  Defendant makes no showing of what potentially meritorious appellate issues counsel failed to disclose, or how he was prejudiced from the purported nondisclosure.  Nothing in the appellate record suggests that trial counsel's representation fell below an objective standard of reasonableness or that defendant suffered prejudice sufficient to undermine confidence in the outcome.  (*Strickland v. Washington* (1984) 466 U.S. 668, 694.)

Defendant's contention that his plea was involuntary is not supported by the record.  The trial court did not coerce defendant into entering a plea and, in fact, several times offered to send the case to Department 100 for trial assignment if defendant did not want to settle the case.  While defendant may have been unhappy with a settlement resulting in a 28-year state prison sentence, that result was fairly attributable to defendant's criminality and not coercion on the part of the trial court.

We have examined the entirety of the appellate record and find no arguable appellate contentions.  The judgment is affirmed.  (*Smith v. Robbins* (2000) 528 U.S. 259.)

KRIEGLER, J.

We concur:

MOSK, Acting P. J.

MINK, J.[*]

---

[*]    Retired judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.