Filed 2/26/14  P. v. Allen CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHRISTOPHER PAUL ALLEN,<br><br>    Defendant and Appellant. | H039525<br>(Santa Clara County<br>Super. Ct. Nos. C1084794<br>and CC944574) |

In consolidated cases, defendant Christopher Paul Allen pleaded no contest to three felonies and a misdemeanor, and he admitted prior strike allegations.  In exchange, the prosecution agreed to a specified prison term and dismissal of the remaining charges.  On appeal, defendant challenges the trial court's consolidation order.  He also challenges venue in Santa Clara County for an offense that occurred in San Francisco.  As we explain, these issues are not cognizable on appeal from defendant's no contest plea because they do not concern the jurisdiction or the legality of the proceedings resulting in the plea.  (Pen. Code, § 1237.5[1]; *People v. Kaanehe* (1977) 19 Cal.3d 1, 9 (*Kaanehe*).)  Because the issues are barred by defendant's plea, we will dismiss the appeal.

## I.  TRIAL COURT PROCEEDINGS

In case No. CC944574, defendant was charged by information with two counts of forcible rape (§ 261, subd. (a)(2); counts one and three), forcible oral copulation (§ 288a,

---

[1]  Further statutory references are to the Penal Code.

subd. (c)(2); count two), and making criminal threats (§ 422; count four). The information alleged a prior strike conviction (§ 1170.12) and a prior serious felony conviction (§ 677, subd. (a)). The offenses involved defendant's former girlfriend. Counts one and two occurred in August 2008 in San Jose, count four occurred between May and September 2008 in San Jose, and count three occurred in May 2008 in San Francisco. At the preliminary hearing, the trial court admitted into evidence a letter from a San Francisco County assistant district attorney authorizing prosecution of the San Francisco offense in Santa Clara County.

In case No. C1084794, defendant was charged with assault with a deadly weapon or with force likely to cause great bodily harm. (§ 245, subd. (a)(1).) That offense, involving a different girlfriend, occurred in August 2010.

The information in case No. CC944574 was filed in January 2010, and the information in case No. C1084794 was filed a year later, in January 2011. In September 2011, the court granted the prosecution's motion to consolidate the two cases, with the earlier case designated as the main case and the assault count renumbered as count five.

Nearly a year after consolidation, the parties entered into a plea agreement. In August 2012, in exchange for a stipulated prison sentence of 19 years 8 months, defendant pleaded no contest to counts one, three, and four, and admitted the prior convictions alleged. The prosecution amended the information to add misdemeanor battery (§ 243, subd. (a); count six), to which defendant also pleaded no contest, and it dismissed counts two and five.

In February 2013, the court sentenced defendant consistent with the terms of the plea agreement. The court issued a certificate of probable cause in February 2013 in case No. C1084794, and an amended certificate of probable cause on March 15, 2013, encompassing both cases. Defendant filed a timely notice of appeal.

## II. DISCUSSION

**A. APPEAL FROM JUDGMENTS ENTERED AFTER GUILTY OR NO CONTEST PLEAS**

A plea of guilty "admits all matters essential to the conviction." (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895.) To be cognizable on an appeal from a guilty plea, an issue must be based on "reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" resulting in the plea. (§ 1237.5(a); see also *People v. Ribero* (1971) 4 Cal.3d 55, 60-64.) The limitation on appellate review from a criminal judgment applies equally to appeals from judgments entered pursuant to no contest pleas. (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1364.)

Section 1237.5, requiring a defendant to obtain a certificate of probable cause before taking an appeal from a guilty or no contest plea, is a procedure to weed out frivolous claims. (*Kaanehe*, *supra*, 19 Cal.3d at p. 9.) Obtaining a certificate of probable cause does not expand the grounds upon which an appeal may be taken after entry of a plea, nor does it make cognizable issues which have been waived by a guilty or no contest plea. (*Ibid*; *People v. Collins* (2004) 115 Cal.App.4th 137, 149.) Review of noncognizable issues on appeal may be barred by a plea even where, as in this case, the trial court issued a certificate of probable cause. (See, e.g., *People v. Krotter* (1984) 162 Cal.App.3d 643 (*Krotter*) [rejecting appeal notwithstanding issuance of certificate of probable cause].)

**B. THE CONSOLIDATION CLAIM**

Defendant argues that the trial court's consolidation of the informations was error under section 954[2] because the cases were not connected in their commission, nor were

_____

[2] Section 954 provides: "An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts, and if two or more accusatory pleadings are filed in such cases in the same court, the court may order them to be consolidated."

the offenses part of the same class of crimes. Defendant also contends consolidation was improper based on the potential prejudice to defendant from the aggregated evidence. These arguments are not cognizable on appeal.

Arguing that defendant's consolidation challenge is barred by his no contest plea, the People rely on cases barring review of severance after entry of guilty or no contest pleas: *People v. Haven* (1980) 107 Cal.App.3d 983, 986 (challenge to denial of severance motion not cognizable on appeal); *People v. Sanchez* (1982) 131 Cal.App.3d 323, 335; *People v. Turner* (1985) 171 Cal.App.3d 116, 127 (*Turner*); and *Krotter*, *supra*, 162 Cal.App.3d at p. 648. Defendant correctly notes that none of the above-cited cases challenged consolidation. They nonetheless compel our conclusion that defendant's consolidation claim is barred by his no contest plea. As explained in *Krotter*, a no contest plea bars a defendant from appealing the trial court's denial of a motion to sever because "motions to sever are designed to protect the right to a fair trial, i.e., by not prejudicing the jury against the defendant charged with many unrelated crimes." (*Ibid*.) Like the availability of severance, limitations on consolidation are designed to protect a defendant's right to a fair trial. Both serve as safeguards in the inquiry into guilt, but neither protection implicates "the [trial court's] jurisdiction or legality of the proceedings resulting in the plea." (*Kaanehe*, *supra*, 19 Cal.3d at p. 9.) Thus, purported errors relating to either consolidation or a refusal to sever are waived by entry of a no contest plea.

*Turner* also supports our conclusion. Holding that a defendant could raise a double jeopardy challenge on appeal from a guilty plea, the court explained that speedy trial and due process issues are not cognizable on appeal from a judgment after a guilty plea because those issues necessitate factual assessments to determine prejudice, and no facts are assessed when a defendant pleads guilty. (*Turner*, *supra*, 171 Cal.App.3d at pp. 128-129.) In contrast, a double jeopardy challenge survives a guilty plea because guilt and prejudice are irrelevant to the double jeopardy inquiry. (*Ibid*.) Like speedy trial, due

process and severance claims, challenges to a trial court's consolidation order are barred by guilty and no contest pleas because they require a careful assessment of prejudice, which cannot be done when a defendant enters a plea instead of going to trial. (*People v. Balderas* (1985) 41 Cal.3d 144, 171 [evaluating motions for severance and objections to consolidation in light of facts known to trial court; requiring defendant to establish prejudice].)

## C.     THE VENUE CLAIM

Defendant argues that the Santa Clara County Superior Court lacked "territorial jurisdiction" over count three (the San Francisco rape) because the court failed to comply with section 784.7, subdivision (a), which provides for properly joinable rape offenses occurring in more than one county to be tried together.[3] According to defendant, no hearing was held under section 784.7, subdivision (a), no writing was provided by the Santa Clara County District Attorney accepting venue for the San Francisco offense, and the letter from the San Francisco District Attorney's Office was insufficient because it was signed by an assistant district attorney and not the elected district attorney.

Although the Legislature has used the term "jurisdictional territory" to designate proper venue in criminal cases (§§ 777, 691, subd. (b)), the California Supreme Court has explained that "*venue is not jurisdictional in the fundamental sense*," as it does not involve subject matter jurisdiction over a proceeding. (*People v. Simon* (2001) 25 Cal.4th 1082, 1096 (*Simon*).) Unlike the trial court's subject matter jurisdiction which can be

---

[3] Section 784.7, subdivision (a) states: "When more than one violation of Section . . . 261 . . . occurs in more than one jurisdictional territory, the jurisdiction of any of those offenses, and for any offenses properly joinable with that offense, is in any jurisdiction where at least one of the offenses occurred, subject to a hearing, pursuant to Section 954, within the jurisdiction of the proposed trial. At the Section 954 hearing, the prosecution shall present evidence in writing that all district attorneys in counties with jurisdiction of the offenses agree to the venue. Charged offenses from jurisdictions where there is no written agreement from the district attorney shall be returned to that jurisdiction."

raised at any time in a criminal proceeding (*People v. Mower* (2002) 28 Cal.4th 457, 474, fn. 6), an objection to a trial court's venue must be raised before trial or it is forfeited. (*Simon*, *supra*, at p. 1104.)

By pleading no contest, defendant forfeited his challenge to the Santa Clara County Superior Court's venue over the San Francisco rape change. *Krotter* is controlling. In *Krotter*, the court held that a change of venue motion is not reviewable after a no contest plea. (*Krotter*, *supra*, 162 Cal.App.3d at p. 648.) *Krotter* reasoned that a change of venue motion relates to a defendant's guilt or innocence because the motion is designed to protect a defendant's interest in receiving a fair trial. (*Ibid*.) Indeed, "the right to be tried in a statutorily designated venue is intended, from the perspective of an accused, as a safeguard against being required to stand trial in an unrelated and potentially burdensome distant location." (*Simon*, *supra*, 25 Cal.4th at p. 1103.)

Defendant contends that his claim is not barred by *Krotter* because he is not challenging the denial of a motion to change venue. Rather, he challenges the validity of the trial court's decision to include the San Francisco rape charge within the Santa Clara County information without following the statutory requirements. We disagree. The procedural posture of defendant's claim does not render the claim reviewable. Defendant's challenge is to the lawfulness of venue in Santa Clara County. Regardless of how it is packaged, it relates to defendant's interest in receiving a fair trial. In accordance with *Krotter*, the claim is not reviewable in light of defendant's no contest plea.

D.     REVIEW BY PETITION FOR WRIT OF MANDATE

Defendant argues that his issues are cognizable on appeal because he otherwise would be forced to go to trial to preserve his right to appellate review. This argument is unfounded. A defendant is free to seek pretrial review of venue and consolidation rulings through a petition for writ of mandate. (*Krotter*, *supra*, 162 Cal.App.3d at p. 649 [venue]; *Verzi v. Superior Court* (1986) 183 Cal.App.3d 382 [severance].)

## III.  DISPOSITION

The appeal is dismissed.

_____
Grover, J.

**WE CONCUR:**

_____
Elia, Acting P.J.

_____
Mihara, J.