Filed 8/16/24  P. v. Smith CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>ROBERT KENDALE SMITH,<br><br>    Defendant and Appellant. | C099523<br><br>(Super. Ct. No. 2021-CR0023302) |

Defendant Robert Kendale Smith pleaded no contest to murder.  In exchange, the prosecution promised defendant that he would retain his right to appeal anything that occurred prior to entering into the plea agreement.  Defendant contends he was improperly induced into his plea by an illusory promise and remand is required to allow him to withdraw his plea if he so chooses.  The People concede the issue.  We agree with defendant and will reverse the judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

An information charged defendant with murder (Pen. Code, § 187, subd. (a) [further undesignated statutory references are to the Penal Code]) and possession of a weapon in prison (§ 4502, subd. (a)). It further alleged a use of a deadly weapon enhancement as to the murder count (§ 12022, subd. (b)(1)) and that defendant had a prior strike conviction (§§ 667, subds. (b)-(i), 1170,12, subds. (c)-(d)).

At trial, defendant testified and admitted the prior strike allegation. Before the case went to the jury for deliberation, the prosecution offered defendant a plea agreement. The agreement required defendant to plead no contest to the murder charge and in exchange the trial court would dismiss the prior strike conviction, lowering defendant's sentence from 50 years to life to 25 years to life. Defendant rejected the offer and the trial court took a brief recess.

After the recess, the trial court gave defendant another opportunity to accept the plea offer. Defense counsel conferred with defendant and said to the trial court, "[I]f he pleads no contest, can he still appeal it? I think the answer is yes." The prosecution responded, "Yes," and the trial court said, "I believe so." Defendant agreed to plead no contest to the charges as long as he could appeal the conviction because he "want[ed] to keep [his] appeal rights." The prosecution offered to put defendant's request on the record because there was "no doubt in [his] mind that [defendant's] appellate rights [were] preserved" and agreed to "stipulate that [defendant] has not lost any appellate rights by virtue of his no contest plea." Defendant then agreed to enter into the plea agreement.

During the plea colloquy, defendant stopped the trial court and said, "I got a quick question. Waiving my rights to do all this in my appeal, will I be able to do all this?" The prosecutor said, "Yes," and the trial court stated, "You're not waiving your right to appeal." Defendant's counsel also explained to defendant that admitting he committed

2

the murder willfully did not affect his appeal rights in any respect. Defendant then waived his constitutional rights and entered the plea agreement.

The trial court accepted defendant's plea and dismissed the prior strike conviction. The prosecution interjected, "I'd like the [c]ourt to put on the record, the defendant's appellate rights are fully intact, he has the right to appeal his plea and the rulings of the trial court and he has the right to appeal all of the things that occurred in the course of the trial and anything that occurred pre-trial is appealable." The trial court acknowledged that the parties agreed defendant retained "all applicable appellate rights with regard to his case starting from the initiation of the prosecution to today's date."

The trial court sentenced defendant to 25 years to life. Defense counsel advised defendant of his appellate rights and defendant filed a notice of appeal the next day. This court granted defendant permission to obtain a certificate of probable cause, which defendant subsequently obtained.

## DISCUSSION

Defendant claims his plea was improperly induced by an illusory promise that he would retain the right to appeal any issue occurring from the initiation of his prosecution to prior to entering the plea agreement. The People concede the issue. Accordingly, we agree with defendant that reversal is required to allow defendant the opportunity to withdraw his plea.

The parties and the trial court cannot, by a plea agreement, expand the jurisdiction of the appellate court and make an issue cognizable on appeal when it has been waived by a plea of no contest. (*People v. Kaanehe* (1977) 19 Cal.3d 1, 9; *People v. DeVaughn* (1977) 18 Cal.3d 889, 895-896.) Issues cognizable on an appeal following a guilty plea are limited to issues based on "reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" resulting in the plea. (§ 1237.5; see also *People v. Ribero* (1971) 4 Cal.3d 55, 60-64.) A defendant waives most preplea issues on appeal

upon entering into a plea agreement. (See, e.g., *DeVaughn*, at pp. 893, 896 [following guilty pleas, issue of denial of motions to suppress extrajudicial statements not preserved]; *People v. Hollins* (1993) 15 Cal.App.4th 567, 571 [§ 995 motion to dismiss]; *People v. Haven* (1980) 107 Cal.App.3d 983, 985-986 [motion to sever].) However, the claim of improper inducement into a plea agreement challenges the legality of the proceedings resulting in the plea and is cognizable on an appeal pursuant to section 1237.5. (*DeVaughn*, at pp. 893, 896.) Reversal is required when a defendant is induced into entering a plea agreement by an illusory promise that nonappealable issues will be preserved. (*Ibid.*)

Several times during trial defendant made it clear he would only enter into the plea agreement if he retained his appellate rights. Each time the prosecution, trial court, and defense counsel assured defendant he was not waiving any appellate rights. Notably, defendant stopped the trial court during the plea colloquy and asked for clarification regarding the rights he was waiving, and the trial court unequivocally told defendant, "You're not waiving your right to appeal." The repeated assurances given to defendant were improper. The promises made by the prosecution, trial court, and defense counsel to defendant that his "appellate rights [would be] fully intact" if he entered into the plea agreement were misleading.

Defendant points out the trial court denied pretrial motions, denied a motion for mistrial, and struck defendant's testimony. Those are potential appellate issues defendant could have raised but for entering into the plea agreement. Therefore, the promise that defendant would retain his appellate rights was illusory. (*People v. Lee* (1980) 100 Cal.App.3d 715, 718 [it "was improper for the trial court to approve the negotiated plea bargain purporting to provide the otherwise illusory right of appeal"].) Reversal is required to allow defendant the opportunity to withdraw this plea and proceed to trial, should he so choose. (*DeVaughn*, *supra*, 18 Cal.3d at p. 896; *People v. Hollins*, *supra*, 15 Cal.App.4th at p. 575.)

4

DISPOSITION

The judgment is reversed and the cause remanded to the trial court. Upon motion by defendant made within 30 days of the date the remittitur is filed in the trial court, the court shall vacate defendant's no contest plea. If defendant does not move to withdraw his plea, the trial court shall reinstate the judgment.

 

HULL, Acting P. J.

We concur:

KRAUSE, J.

FEINBERG, J.