[No. B053306. Second Dist., Div. Five. Dec. 21, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID DARNELL BOWIE, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I of the Discussion.

**COUNSEL**

Ralph H. Goldsen, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, William T. Harter and Robert M. Snider, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

## BOREN, J.—

### INTRODUCTION

A jury convicted appellant of one count of first degree burglary, and appellant admitted a sentence enhancement allegation that he had been previously convicted of a serious felony within the meaning of Penal Code section 667, subdivision (a).[1] The trial court denied probation and sentenced appellant to state prison for the high term of six years plus a consecutive term of five years on the prior serious felony enhancement.

Appellant, who represented himself in propria persona until he became obstreperous and was removed from the courtroom, contends that the trial court abused its discretion by failing to appoint advisory counsel and by not reappointing counsel for appellant in a timely manner. Appellant also contends that his prior conviction sentence enhancement for a federal bank robbery must be set aside because the trial court misadvised him concerning his right to appeal and because he was denied effective assistance of counsel with respect to his admission of the prior. Although we reverse as to the sentence enhancement, we affirm the judgment in all other respects.

### BACKGROUND

Appellant was charged with the commission of two burglaries occurring in the early morning hours of October 20, 1989, near the intersection of Vanowen and Lennox in the San Fernando Valley. The evidence adduced at trial showed that appellant broke into the home of Diana Tamraz around 3 a.m. while the victim was asleep in her bedroom. Appellant attempted to remove a small portable television through the window through which he had entered. The victim struggled with appellant, and appellant fled with the television as the victim called "911." Police officers trying to locate the burglar heard noises a short distance from the victim's apartment but were unable to locate a suspect. However, they found a briefcase and a coat together with the victim's television set. The briefcase contained appellant's driver's license, and at trial appellant admitted the briefcase was his.

Approximately an hour later, Oliverio Gallardo, who lived four apartment buildings east of the Tamraz apartment, discovered appellant sitting behind a television set in Gallardo's apartment. The 911 number was called, and the police arrived and arrested appellant, who gave a false name. At trial, Diana Tamraz identified appellant as the burglar who had entered her apartment.

---

[1]All further statutory references are to the California Penal Code unless otherwise noted.

A jury convicted appellant of first degree burglary in count 1 relating to the Tamraz burglary but was unable to reach a verdict as to count 2, the Gallardo burglary, and that count was dismissed at the time of sentencing. Appellant also waived his right to a jury trial and admitted suffering a prior serious felony conviction (federal bank robbery) within the meaning of section 667, subdivision (a).[2]

## DISCUSSION

### I. Advisory Counsel*

. . . . . . . . . . . . . . . . . . . . . . . . . .

### II. The Five-year Enhancement Prior

Appellant contends that we must set aside the five-year enhancement of his sentence imposed pursuant to his admission of an allegation of a prior federal bank robbery conviction pursuant to section 667, subdivision (a). As grounds for this contention appellant asserts that (1) his admission was improperly induced by the trial court's misrepresentation that his ability to appeal the legality of the prior conviction was preserved, and (2) he received ineffective assistance of counsel (from the attorney appointed to represent him subsequent to his relinquishment of his self-representation right). Since we agree with the first of appellant's assertions, we need not reach the second.

A defendant's guilty plea or admission of a sentence enhancement allegation is deemed to constitute a judicial admission of every element of the offense charged and severely restricts the defendant's right to appeal from the ensuing judgment. (*People* v. *Thomas* (1986) 41 Cal.3d 837, 844 [226 Cal.Rptr. 107, 718 P.2d 94]; *People* v. *Chadd* (1981) 28 Cal.3d 739, 748 [170 Cal.Rptr. 798, 621 P.2d 837]; *People* v. *DeVaughn* (1977) 18 Cal.3d 889, 895-896 [135 Cal.Rptr. 786, 558 P.2d 872].) A plea or admission which is improperly induced by a trial court's misrepresentation purporting to preserve for appeal issues waived by such plea or admission may be attacked on appeal as invalid. (*People* v. *DeVaughn, supra*, at p. 896.) Appellant contends his admission was improperly induced by the trial court's advice that he would be able to appeal the enhancement of his sentence by the federal bank robbery conviction despite his admission that

---

[2]The second amended information also alleged that the federal robbery conviction was a prior conviction within the meaning of section 667.5, subdivision (b). After arraignment and denial of this allegation, no further action occurred in the trial court respecting it.

*See footnote, *ante*, page 1263.

the enhancement allegation was true. Obviously, if the advice was an inducement for the admission and the advice was incorrect, appellant is entitled to have the admission and the enhancement set aside.

On the day prior to commencement of trial, appellant, representing himself in propria person, stated to the trial court: "I have researched the matter [of the prior conviction] and under 667(a), it addresses the . . . career criminal act or thereof [*sic*], and that's not applicable for the simple fact that it addresses the issue of a serious felony, and . . . what I'm being charged with there does not constitute a serious felony."

After the jury commenced deliberations in the case, appellant hesitated and asked for additional time to decide about the question of whether or not he should waive his right to a jury trial and either have a court trial or admit the prior conviction. To aid appellant in coming to a conclusion, the court stated the following: "But what either the trial would resolve or your admission would resolve, or court trial—you have three choices. You can have the jury try it as to whether or not it's true, have the court try it as to whether or not it's true, or you can admit it. What that does is you admit that you were the person involved in that particular case. [¶] Now, you don't waive any legal issues in regard to this. In other words if there is a question about whether or not the law applies to your particular conviction, you don't waive that by admitting it. What you're admitting simply is that it is true, in other words, that you were in fact convicted of this offense on this date. [¶] If you have any legal challenges to whether the statute is legal, whether the statute is constitutional, whether the statute applies to bank robberies or not, you can take those up on appeal if the case—if there is a conviction, but you still—you don't give up your right to appeal legal issues. [¶] This is only a factual question. Was it you or was it not you, the person in this paperwork? So that's all the jury would try, if it's sent to the jury, and that's all you would be admitting if you wanted to admit it. [¶] But you don't waive any legal challenge to the conviction or any legal challenges as to whether or not the statute applies to you or applies to this type of case."

Appellant was correct in stating that there was a question as to whether or not his federal bank robbery conviction (a violation of 18 U.S.C. § 2113(a)) constituted a "serious felony" within the meaning of section 667, subdivision (a). Indeed, recent California Court of Appeal decisions addressing the question have held that, because a robbery under section 2113(a) of title 18 of the United States Code is a a general intent crime, it is not commensurate with the California serious felony of robbery, which requires specific intent. (*People* v. *Ellis* (1987) 195 Cal.App.3d 334, 340 [240 Cal.Rptr. 708]; *People* v. *Leever* (1985) 173 Cal.App.3d 853, 872-873 [219 Cal.Rptr. 581]; *People*

v. *Enriquez* (1984) 159 Cal.App.3d 1, 3 [205 Cal.Rptr. 238]; contra, *People* v. *Miramon* (1983) 140 Cal.App.3d 118, 126-134 [189 Cal.Rptr. 432].)

The trial court, however, was incorrect in advising appellant that his admission preserved his right to appeal whether his federal bank robbery conviction constituted a serious felony under section 667, subdivision (a). While appellant properly contests the validity of his admission because of the trial court's faulty advice, he is not entitled on appeal to contest matters going to the merits or validity of the prior conviction as a serious felony under section 667, subdivision (a). (*People* v. *Thomas*, *supra*, 41 Cal.3d 837, 844.) Since it clearly appears that appellant only admitted the enhancement allegation after being assured that he could appeal on the latter basis, this admission was improperly induced and constitutes grounds for reversal under *People* v. *DeVaughn*, *supra*, 18 Cal.3d 889, 896.

Although the Court of Appeal in *People* v. *Ellis*, *supra*, 195 Cal.App.3d 334, 342, held that whether federal bank robbery constitutes a section 667 "serious felony" is a question of law and that a defendant may not have his sentence enhanced under section 667, subdivision (a), the opinion in *Ellis* was prior to the Supreme Court's decision in *People* v. *Guerrero* (1988) 44 Cal.3d 343 [243 Cal.Rptr. 688, 748 P.2d 1150].[6] In 1988, the Supreme Court in *Guerrero* held that the trial court "may look to the entire record of the conviction to determine the substance of the prior foreign conviction." (*Id.* at p. 352.) Thus, upon remand in the present case for further proceedings concerning these enhancement allegations, the prosecution will be entitled to turn to other evidence in the record of appellant's federal bank robbery conviction to determine whether or not all the elements of a California robbery are present. If they are, the trier of fact may find that the allegation is true.[7] Appellant, of course, is also entitled to withdraw his waiver of his jury trial right regarding the enhancement allegations.

We will therefore reverse and remand the matter of the prior conviction allegations to the trial court for further proceedings.

---

[6]Although the language in *People* v. *Ellis* is somewhat unclear, that case seems to hold that a defendant who admits to a federal bank robbery conviction as a serious felony under section 667, subdivision (a), may not appeal concerning the validity of such a prior as a serious felony but may still "collaterally attack" such a conviction. Indeed, in *Ellis*, the Court of Appeal construed the appeal as a petition for writ of habeas corpus.

[7]The second amended information also alleged that appellant's federal bank robbery constituted a prior conviction within the meaning of section 667.5, subdivision (b). After appellant was arraigned on that allegation and denied it, the allegation was never thereafter mentioned or dealt with. Upon remand, the trial court may make a final disposition of this allegation as well.

## DISPOSITION

The section 667, subdivision (a) sentence enhancement is reversed, and the matter remanded to the trial court for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.

Turner, P. J., and Grignon, J., concurred.