Filed 5/21/15  P. v. Tubbs CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# THIRD APPELLATE DISTRICT

## (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C075419 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F00259) |
| v. | |
| RONDALE TUBBS, | |
| Defendant and Appellant. | |

Defendant Rondale Tubbs entered a negotiated plea of no contest to one count of passing a fictitious check (Pen. Code, § 476)[1] and one count of identity theft of 10 or more persons (§ 530.5, subd. (c)(3)).  He admitted three prior serious juvenile adjudications and was sentenced to five years in state prison.

---

[1] Undesignated statutory references are to the Penal Code.

1

During the change of plea hearing, the trial court incorrectly indicated that defendant would retain the right to challenge the validity of the prior juvenile adjudications on appeal.  Defendant contends, and the People concur, that the pleas were improperly induced by an unenforceable promise that his challenge to the validity of the prior juvenile adjudications would be preserved for appeal and, as a result, defendant must be given an opportunity to withdraw his pleas.  We reverse the judgment and remand with directions to give defendant an opportunity to withdraw his pleas.

## FACTUAL AND PROCEDURAL BACKGROUND

During the fall of 2011, the Sacramento Valley Hi-Tech Crimes Task Force, a division of the Sacramento County Sheriff's Department (Sheriff's Department), and the Rocklin Police Department (RPD) were investigating complaints of identity theft involving fictitious checks in Sacramento and Placer counties.  During the course of their investigations, both law enforcement agencies identified defendant as a possible suspect.

RPD officers conducted surveillance on defendant's apartment, and saw his girlfriend, Alexis Ramos, leave the garage and drive to a nearby convenience store, where she met defendant's mother, Sabrina Thavarabrahma.  Ramos transferred several items from her car to Thavarabrahma's and then drove away.

Officers stopped Thavarabrahma for driving with an expired registration and searched her car.  They found a computer, digital media storage devices, counterfeit currency, counterfeit identification cards, altered credit cards, and a credit card reader.  They also found an unregistered gun.

The Sheriff's Department subsequently examined a USB drive and external hard drive seized from Thavarabrahma's car and found "evidence of counterfeit check manufacturing, counterfeit money manufacturing and counterfeit identification manufacturing."  Among other things, the Sheriff's Department found templates for

2

making counterfeit identification cards and fictitious checks, and Excel spreadsheets containing credit card and checking account numbers.  RPD then conducted two separate searches of defendant's apartment, one pursuant to a search warrant and a subsequent probation search.  During the probation search, RPD found additional evidence of counterfeiting and identity fraud, including counterfeit currency, counterfeit identification cards, and altered credit cards.  Defendant subsequently admitted that he created templates for fictitious checks using Photoshop, which he loaded onto USB drives for sale to third parties.

As a result of these investigations, an amended consolidated information was filed charging defendant with nine felony counts as follows:  (a) selling, transferring, and conveying the personal identifying information of another for an unlawful purpose (§ 530.5, subd. (d)(2)—count one); (b) possessing the driver's license of another with intent to facilitate a forgery (§ 470b—count two); (c) passing a fictitious bill or check (§ 476—count three); (d) forging or counterfeiting a banking instrument (§ 470, subd. (d)—count four); (e) identity theft of 10 or more persons (§ 530.5, subd. (c)(3)—count five); (f) acquiring access cards issued in the names of four or more persons during a 12-month period (§ 484e, subd. (b)—count six); (g) felon in possession of a firearm (§ 12021, subd. (a)(1)—count seven); and (h) two additional counts of selling or conveying identifying information of another for an unlawful purpose (§ 530.5, subd. (d)(2)—counts eight & nine).  In addition, the information alleged that defendant had suffered three prior serious juvenile adjudications (§§ 667, subds. (b)-(i); 1170.12) and had served one prior prison term (§ 667.5, subd. (b)).

On September 9, 2013, defendant, acting in propria persona, filed a motion to vacate his prior juvenile adjudications on the ground that they were premised on a defective plea.  (*People v. Allen* (1999) 21 Cal.4th 424, 429; *People v. Sumstine* (1984) 36 Cal.3d 909, 918-919.)  On October 11, 2013, defendant, through counsel, filed a

motion to strike the prior juvenile adjudications pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The trial court denied both motions.[2]

On November 22, 2013, the parties reached a plea agreement. Pursuant to the agreement, defendant pleaded no contest to passing a fictitious bill or check (§ 476—count three) and identity theft of 10 or more persons (§ 530.5, subd. (c)(3)—count five). Defendant also admitted the prior juvenile adjudications and prior prison term allegation. In return, the remaining charges were dismissed, and defendant was sentenced to state prison for a stipulated term of five years.

During the change of plea hearing, defense counsel explained that defendant's prior juvenile adjudications involved "very complicated legal issues" which had been "litigated a couple [of] times" before other judges and "[defendant] is just going to appeal on that." Defense counsel continued, "On that [the prosecutor] has no objection, but when it comes to the certificate of probable cause, it would be necessary." The sentencing judge responded, "I'm satisfied if he wishes to waive that issue." The sentencing judge then suggested, "Why don't you and the People stipulate the matter for the certificate of probable cause can be submitted to [the judge who heard defendant's motion to vacate the prior juvenile adjudications] since he's familiar with that." Defense counsel and the prosecutor agreed to do so.

The prosecutor then described the factual basis for defendant's plea, including the factual basis for the prior juvenile adjudications. With respect to the prior juvenile adjudications, the prosecutor explained, "Prior conviction No. 1, on or about the 28th of September 1993, Superior Court [of the] County of Contra Costa, the defendant was

---

[2] Defendant, through counsel, had previously filed a *Romero* motion, which was denied. Defendant, in propria persona and on the eve of trial, had also filed a "motion to strike prior convictions [and] collater[al]ly challenge . . . constitutional infirmities in . . . prior convictions," which the trial court declined to hear.

4

convicted of attempted robbery, along with [section] 12022[, subdivision] (b), personal use allegation, a serious felony and a strike. [¶] September 29, 1993, Superior Court [of the] County of Contra Costa, defendant was convicted of a violation of [section] 211 of the Penal Code, a serious felony and a strike. [¶] October 11, 1993, Superior Court [of the] County of Contra Costa, defendant was convicted of another violation of Penal Code Section 211, a serious felony and a strike."

A short time later, the following colloquy took place: "THE COURT: You do contest the legality of the prior strikes? [¶] [DEFENSE COUNSEL]: Yes. [¶] THE COURT: And you've already litigated that matter and you intend to appeal on that issue? [¶] [DEFENSE COUNSEL]: Correct. [¶] THE COURT: So you're reserving that right but not making comment as to the other factual basis? [¶] [DEFENSE COUNSEL]: Correct. Thank you." The trial court then informed defendant of his constitutional rights and the consequences of his plea.

After accepting defendant's no contest pleas, the trial court addressed the prior juvenile adjudications. The following colloquy took place: "THE COURT: As to the priors that are alleged, without waiving your right to appeal the issue litigated previously, prior conviction No. 1, the September 28th, 1993, [section] 211 out of Contra Costa County—it's an attempted [section] 211—to that—do you admit that is true for the purposes of the plea only and without waiving the issue that was previously litigated? [¶] [DEFENDANT]: Yes, sir. [¶] THE COURT: As to prior No. 2, the robbery out of Contra Costa County on September 29th of 1993, without waiving the prior matters you've litigated, do you admit that for the purpose of the plea? [¶] [DEFENDANT]: Yes. [¶] THE COURT: As to prior conviction No. 3, the October 11th, 1993, robbery in Contra Costa County, [section] 211, to that charge, again without waiving your right to litigate the prior matter that was heard by [another judge], for the purposes of the plea

5

only, what is your plea?  Do you admit that?  [¶]  [DEFENDANT]:  Yes."  The trial court then sentenced defendant to the stipulated term of five years in state prison.

Defendant filed a timely notice of appeal, which indicated that his appeal was based on the denial of his motion to vacate the prior juvenile adjudications.  The trial court granted defendant's request for a certificate of probable cause, which stated, "Defendant was sentenced pursuant to the provisions of Penal Code Section 667[, subdivision] (e)(1) based upon prior felony strike convictions.  Those convictions, incurred in 1993 when defendant was a juvenile, were the subject of defendant's Motion to Vacate Prior Convictions. . . .  The motion was denied.  Defendant thereafter entered pleas of No Contest to Counts Two and Four [(*sic*)] of the Information with the understanding that he could appeal the denial of his motion."

## DISCUSSION

Defendant acknowledges that, having admitted three prior juvenile adjudications as part of his plea agreement, he can no longer appeal from the denial of his motion to vacate those adjudications.  He therefore contends he is entitled to withdraw his plea, which he claims was induced by the "illusory promise" that "he would be allowed to raise on appeal the denial of his motion to vacate his prior convictions, as unconstitutionally obtained."  The People concede that defendant's plea is invalid and the judgment must be reversed, and we agree.

"A defendant's guilty plea or admission of a sentence enhancement allegation is deemed to constitute a judicial admission of every element of the offense charged and severely restricts the defendant's right to appeal from the ensuing judgment."  (*People v. Bowie* (1992) 11 Cal.App.4th 1263, 1266.)  In this case, the parties agree that defendant's admission conceded the validity of the prior juvenile adjudications, and foreclosed any claim that they were premised on a defective plea.  (*Id.* at p. 1268; see *People v. LaJocies* (1981) 119 Cal.App.3d 947, 956-957.)

6

As defendant recognizes, the trial court's issuance of a certificate of probable cause approving an appeal from the denial of the motion to vacate the prior juvenile adjudications does not help him. "A certificate of probable cause cannot render reviewable a claim that is otherwise not cognizable on appeal from a guilty plea." (*People v. Collins* (2004) 115 Cal.App.4th 137, 149; see *People v. Hunter* (2002) 100 Cal.App.4th 37, 41-42; *People v. Robinson* (1997) 56 Cal.App.4th 363, 368-369.) The apparent agreement of the parties and the trial court that the matter would be reviewable upon issuance of a certificate of probable does not help defendant either. "[T]he parties cannot by their agreement confer upon this court the jurisdiction to hear an issue which is not appealable. (Cf. *People v. DeVaughn* (1977) 18 Cal.3d 889, 895-896 [a trial court's issuance of a certificate of probable cause cannot expand the otherwise limited issues cognizable on appeal after a plea of guilty].)" (*People v. Burns* (1993) 20 Cal.App.4th 1266, 1274.)

However, defendant is entitled to review of the plea entered in the present case. Defendant's request for a certificate of probable cause specifically states that defendant entered his plea "with the understanding that he could appeal the denial of his motion," and therefore encompasses the circumstances surrounding the entry of his plea. (Cal. Rules of Court, rule 8.304(b); *People v. Mendez* (1999) 19 Cal.4th 1084, 1088.) We therefore examine the entry of the plea.

The process of plea bargaining "contemplates an agreement negotiated by the People and the defendant and approved by the court." (*People v. Orin* (1975) 13 Cal.3d 937, 942; *In re Lewallen* (1979) 23 Cal.3d 274, 280-281.) "Failure of the state to honor the agreement violates the defendant's due process rights for which the defendant is entitled to some remedy." (*People v. Lopez* (1998) 66 Cal.App.4th 615, 636; see *People v. Campbell* (1994) 21 Cal.App.4th 825, 829.) " 'Where a defendant's plea is "induced by misrepresentations of a fundamental nature" such as a bargain which is

7

beyond the power of the trial court, a judgment based upon the plea must be reversed.' " (*People v. Hollins* (1993) 15 Cal.App.4th 567, 574 (*Hollins*).)  A defendant has the "established right to withdraw his or her guilty plea if the plea bargain is not honored . . . ." (*People v. Casillas* (1997) 60 Cal.App.4th 445, 450.)

The record before us demonstrates that defendant's plea was induced by the representation that he would have the right to appeal the denial of the motion to vacate the prior juvenile adjudications upon issuance of a certificate of probable cause. Defendant's admission of the prior juvenile adjudications, however, precludes him from seeking review of the denial of the motion to vacate, notwithstanding the representations made to him as part of the plea agreement.  (*People v. Truman* (1992) 6 Cal.App.4th 1816, 1820-1821.)  "A plea or admission which is improperly induced by a trial court's misrepresentation purporting to preserve for appeal issues waived by such plea or admission may be attacked on appeal as invalid." (*People v. Bowie*, *supra*, 11 Cal.App.4th at p. 1266; see *People v. Burns*, *supra*, 20 Cal.App.4th at p. 1274.)  The illusory promise of the right to appeal the denial of the motion to vacate the prior juvenile adjudications " 'voids the plea.' " (*Hollins*, *supra*, 15 Cal.App.4th at p. 575.)  Defendant must therefore be given the " 'opportunity to reevaluate his guilty plea and withdraw that plea and proceed to trial if he so desires.' " (*People v. Truman*, *supra*, 6 Cal.App.4th at p. 1821; see *Hollins*, *supra*, 15 Cal.App.4th at p. 575.)

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court with directions to afford defendant an opportunity to withdraw his no contest pleas.  If defendant moves to withdraw his no contest pleas within 30 days after remittitur issuance, the trial court is directed to vacate the pleas and reinstate the information for further proceedings.  If defendant's pleas are set aside, all special allegations are to be

8

reinstated.  Should defendant fail to move to withdraw his pleas within the 30-day period, the trial court is directed to reinstate the judgment.


                                                      BUTZ            , J.



We concur:



      RAYE            , P. J.



      NICHOLSON      , J.