Filed 6/25/15  P. v. Leach CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)


| | |
|---|---|
| THE PEOPLE, | C075284 |
| Plaintiff and Respondent, | (Super. Ct. No. 13NCR09609) |
| v. | |
| ERIC CHARLES LEACH, | |
| Defendant and Appellant. | |


Defendant Eric Charles Leach was charged with two felonies; it was also alleged that his prior conviction in Minnesota for "simple robbery" constituted a strike.  Before trial began, defendant admitted the prior, including the strike allegation, so as to keep the prior from the jury.  After the jury convicted him on the current charges, the trial court sentenced him to eight years in state prison, which included a doubling of his sentence for the strike.  The record does not show that the court ever read the language of the Minnesota "simple robbery" statute, or that the court had any evidence before it as to the facts of defendant's offense.

1

We shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

An information alleged that defendant inflicted corporal injury resulting in a traumatic condition upon E.S., who was a cohabitant or the mother of his child (count I; Pen. Code, § 273.5, subd. (a)),[1] and assaulted E.S. by means of force likely to produce great bodily injury (count II; § 245, subd. (a)(4)). As to both counts, the information alleged that defendant had been convicted of "MN Code [section] 609.24 . . . (Simple Robbery)," a strike (§§ 667, subds. (b)-(i), 1170.12). The information did not quote the Minnesota statute.

In a motion in limine to admit defendant's prior acts of domestic violence, the People summarized defendant's criminal history, including this account of the alleged strike: "**PRIOR ROBBERY CONVICTION** [¶] On December 20, 1999, defendant was sentenced for his plea to Simple Robbery, a felony, in Martin County, Minnesota. The facts of that case, as laid out in the district court's certified copy of the complaint, are as follows: Defendant had threatened clerks at a convenience store and take [*sic*] a donation box from the counter on the evening of June 5, 1999. One clerk said defendant came in the store, said he had a fight with his fiancé, threw a ring on the counter, and told them he had a gun and that he wanted the money in the till and some lottery tickets. The clerk recognized him because he had previously dated her sister. When the clerk told him he wasn't getting anything, defendant took a donation box and left. [¶] The People have a certified copy of this conviction as well." So far as the record shows, the People did not attach a certified copy of the complaint or the conviction to the motion. Nor did they quote the Minnesota statute.

---

[1] Undesignated statutory references are to the Penal Code.

2

Before trial began, the trial court and defendant (represented by counsel, who remained silent) had the following discussion outside the jury's presence:

"THE COURT: . . . [O]ne of the issues that we had was whether or not you were going to be admitting, prior to the jury hearing any evidence -- whether or not you'd be admitting the prior conviction out of the State of Minnesota. Your attorney indicates to me that you are going to be admitting that and therefore that issue would not be presented as a special allegation to the jury for a finding. Is that also your understanding?

"THE DEFENDANT: Yes, your Honor.

"THE COURT: Okay. So . . . I'll ask you then as to Counts 1 and 2 do you admit or deny that pursuant to [section] 1170.12, paren, a, paren, through d, paren, and [section] 667, paren, b, paren, through, paren, i, paren, that you have suffered the following prior conviction of a serious or violent felony, court case number 99003942, code or statute -- Minnesota Code 609.24 commonly known as simple robbery, conviction date December 20th, 1999 out of the County of Martin, State of Minnesota out of the district court. Do you admit or deny?

"THE DEFENDANT: I admit it.

"THE COURT: Do you further understand that pursuant to Penal Code Section 1170 [subdivision] (h)(3) and 1170 [subdivision] (f) that if this is found to be true -- that you're not eligible to be sentenced to a term of imprisonment in county jail on an executed sentence due to the prior or current conviction sentence enhancement or because you're required to register as a sex offender. This allegation is not subject to dismissal pursuant to [section] 1385. Do you understand that?

"THE DEFENDANT: Yes, your Honor."

The trial court then obtained defendant's waiver of his constitutional rights as to the prior.

3

The trial evidence showed that on January 7, 2013, defendant struck his wife in the face and chest. After calling 911, she was transported to a hospital, where she was diagnosed with a right jaw contusion and right shoulder and chest pain.

The jury convicted defendant on both counts.

At sentencing, defense counsel stated that defendant's Minnesota conviction was a strike because it met the criteria for a robbery in California. Counsel did not quote or paraphrase the Minnesota "simple robbery" statute.

The trial court sentenced defendant to the upper term on both counts (four years, doubled for the strike), then stayed imposition of sentence on count II under section 654. As to the Minnesota conviction, the court stated: "[W]hile [defendant] might have committed quote, a simple robbery, *whatever the statute is in the state of Minnesota, that is the definition as [defense counsel] indicated and [defendant] conceded by his admission to the strike provisions under [section] 1170.12 [subdivisions] (a) through (d).*" (Italics added.)

## DISCUSSION

Defendant contends: "This case must be reversed and remanded, as the Minnesota prior conviction that enhanced [defendant]'s sentence was not a strike under California law in this case." Since defendant does not attack his conviction on the current offenses, we take him to mean that the matter must be remanded for resentencing because the trial court could not lawfully use the Minnesota prior to double defendant's sentence. Defendant contends the case must be remanded for resentencing because the record does not show that the Minnesota crime was a strike and his purported admission to that legal conclusion was invalid.

However, the question we must decide is whether defendant's claim is properly before us. The Attorney General contends at the outset that it is not, because defendant is bound by his admission below that the Minnesota offense was a strike. (See *People v.*

4

*Thomas* (1986) 41 Cal.3d 837, 843 (*Thomas*); *People v. Bow* (1993) 13 Cal.App.4th 1551, 1558; *People v. Bowie* (1992) 11 Cal.App.4th 1263, 1266.)  We agree.

Defendant attempts to explain in both his opening brief and his reply brief why he may raise the issue despite his admission, but fails to present his argument in either brief under a topic heading that summarizes the argument, which could allow us to deem the point forfeited.  (Cal. Rules of Court, rule 8.204(a)(1)(B); *Heavenly Valley v. El Dorado County Bd. of Equalization* (2000) 84 Cal.App.4th 1323, 1346.)  In any event, his arguments are not persuasive.  He claims without citing authority that he was not "legally competent" to determine whether his prior was a strike, but he was represented by counsel and we presume he made his admission on counsel's advice.  (See *Thomas, supra*, 41 Cal.3d at pp. 843-845 [upholding enhancements to a sentence for prior convictions admitted to be " 'serious felonies' "].)  He also claims his admission was not binding on appeal because it was not part of a plea bargain and he therefore gained nothing by the admission, but *Thomas* also rejected this argument.  (*Id.* at pp. 844-845 [motive for admission irrelevant; only issue is whether admission was voluntary].)

"[W]hen the sufficiency of an admission of a prior conviction is called into question, the only issue is whether the admission was voluntary, made by a defendant who has been informed of his constitutional rights and of the consequences of the admission.  (See *In re Yurko* (1974) 10 Cal.3d 857.)  An admission which meets those standards is binding whether or not defendant obtained an adequate consideration in return for the admission."  (*People v. Thomas* (1986) 41 Cal.3d 837, 844-845; *People v. Bowie* (1002) 11 Cal.App.4th 1263, 1266.)

## DISPOSITION

The record shows that defendant admitted the prior conviction to keep the prior from the jury. Since his admission was voluntary and no other constitutional infirmity is asserted, the judgment is affirmed.

        BLEASE            , J.

We concur:

    RAYE            , P. J.

    ROBIE            , J.

6