Filed 11/14/23  P. v. Shabazz CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AMIR SHABAZZ,<br><br>    Defendant and Appellant. | E081113<br><br>(Super.Ct.No. RIF110012)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and remanded with directions.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, Alan L. Amann and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

In 2005, defendant and appellant Amir Shabazz pleaded guilty to attempted murder and three counts of domestic violence assaults. In December 2022, he petitioned for resentencing under Penal Code[1] section 1172.6. The superior court denied the petition on the ground he was ineligible for relief as a matter of law because he pleaded guilty to "willful, deliberate, and premeditated" attempted murder. On appeal, defendant contends the superior court erred in denying his petition without issuing an order to show cause and holding an evidentiary hearing because the record did not conclusively establish that he was precluded from relief. We agree.

## I. PROCEDURAL BACKGROUND AND FACTS

On April 1, 2005, defendant was charged by felony indictment with willful, premeditated, and deliberate attempted murder (§§ 664, 187, subd. (a), count 1), inflicting corporal injury resulting in a traumatic condition upon his spouse/cohabitant (§ 273.5, subd. (e), count 2), and two counts of assault with a deadly weapon—a box cutter and a hammer—other than a firearm (§ 245, subd. (a)(1), counts 3 & 4). It was alleged that in commission of the assaults, defendant personally inflicted great bodily injury upon the victim. (§§ 12022.7, subd. (e), 1192.7, subd. (c)(8).) Several strike priors were also alleged. On April 13, 2005, defendant pleaded guilty to all charges, and he was sentenced to a total term of 68 years to life in prison. His sentence pursuant to section 667, subdivision (e)(2)(A), includes the following:

Count 1—25 years to life (principal count);

---

[1] All further statutory citations are to the Penal Code.

2

Count 2—25 years to life (stayed);

Count 3—25 years to life (consecutive), enhancement—three years, consecutive;

Count 4—25 years to life (stayed), enhancement—three years (stayed);

Priors 1 through 4, inclusive—one year each (stayed); and

Priors 4 through 7, inclusive—five years each (consecutive).

On December 12, 2022, defendant filed a petition for resentencing under section 1172.6. At the hearing, the prosecutor asked that the superior court deny the petition. He argued, "Even though the defendant pleaded guilty, he did so over the objection of his counsel to the Court.· In 2005 he pled guilty to premeditated, willful attempted murder with malice aforethought; domestic violence with a prior as a felony; assault with a deadly weapon, both a box cutter and a hammer. [¶] At the plea the Court asked the defendant, and the defendant agreed, that the Court could take a factual basis from the probation report containing facts regarding the offense. I obtained a copy of the probation report from imaging and sent it to [defense counsel] along with a copy of the change of plea detailing this. [¶] The facts in the probation report detailed the fact that the defendant hit his wife over the head several times with a hammer and the wrist, fractured her wrist, and lashed at her with a box cutter numerous times, numerous times in the neck, and said he didn't want to go back to prison. [¶] So with that, because the defendant admitted that he willfully, maliciously, and with premeditation attempted to kill his wife, and those facts were stipulated to by the defendant contained in the probation report in the record at his sentencing, and agreed upon by the parties, we

3

believe that the defendant at this time is statutorily ineligible because he is the actual perpetrator because he acted maliciously with the intent to kill her."

Defense counsel replied, "Your Honor, I confirmed everything counsel has said.· I believe it's a conditional admission that is binding, unfortunately, on the defendant.· I do not know of a discretionary call by the Court."  The superior court responded, "I believe that there is a case that stands for the proposition that when these willful, deliberate, and premeditated allegations of attempt murder are proved, in this case by virtue of a judicial admission . . .  I think that is adequate.· Under the law it's been determined, certainly when they admit it, that they're ineligible for relief."  The court denied the petition on the grounds the "defendant is statutorily ineligible."

## II.  DISCUSSION

### A.  Applicable Law.

"[A]ttempted murder requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing."  (*People v. Lee* (2003) 31 Cal.4th 613, 623, superseded by statute as stated in *People v. Rodriguez* (2022) 75 Cal.App.5th 816, 824.)  An intent to kill is shown if the defendant either desires the death of the victim or knows to a substantial certainty that death will occur as the result of the defendant's action.  (*People v. Smith* (2005) 37 Cal.4th 733, 739.)  "[I]ntent to kill or express malice, the mental state required to convict a defendant of attempted murder, may in many cases be inferred from the defendant's acts and the circumstances of the crime."  (*Id.* at p. 741.)

4

By its terms, section 1172.6 applies "only to attempted murders based on the natural and probable consequences doctrine." (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.) When a defendant is "found guilty of attempted murder under a natural and probable consequences theory of liability, the 'intent to kill' [is] imputed onto [the defendant] from the actual killer or perpetrator." (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1007.) "Because section 188, subdivision (a)(3), prohibits imputing malice based solely on participation in a crime, the natural and probable consequences doctrine cannot prove an accomplice committed attempted murder. Accordingly, the natural and probable consequences doctrine theory . . . is now invalid." (*People v. Sanchez* (2022) 75 Cal.App.5th 191, 196, fn. omitted.)

"A person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced." (§ 1172.6, subd. (a).) The petition must allege the petitioner was (1) charged with one of the enumerated crimes under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine; (2) convicted of murder or attempted murder or manslaughter; and (3) could not presently be convicted of murder or attempted murder because of changes to sections 188 or 189 (Stats. 2018, ch. 1015, §§ 2, 3) made effective January 1, 2019. (§ 1172.6 subd. (a)(1), (2), (3).)

5

Where the petition complies with the three requirements, the superior court proceeds to section 1172.6, subdivision (c), to assess whether the petitioner has made "a prima facie showing" for relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 960 (*Lewis*).) "[T]he prima facie inquiry . . . is limited. . . . '"[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'" (*Id.* at p. 971.) At the prima facie hearing, the court may consider the record of conviction.[2] (*Ibid.*) "If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the [superior] court may dismiss the petition." (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).)

*B. Standard of Review.*

In this case, the superior court denied defendant's petition at the prima facie stage under section 1172.6, subdivision (c). A denial at this stage is appropriate only if the

---

[2] This does not include our appellate opinion. "[T]he factual summary in an appellate opinion is not evidence that may be considered at an evidentiary hearing to determine a petitioner's eligibility for resentencing. [Citation.] If such evidence may not be considered at an evidentiary hearing to determine a petitioner's ultimate eligibility for resentencing, we fail to see how such evidence could establish, as a matter of law, a petitioner's ineligibility for resentencing at the prima facie stage." (*People v. Flores* (2022) 76 Cal.App.5th 974, 988, fn. omitted; see *People v. Clements* (2022) 75 Cal.App.5th 276, 292 ["[E]ffective January 1, 2022, the Legislature limited use of prior appellate opinions . . . . [T]rial judges should not rely on the factual summaries contained in prior appellate decisions when a section [1172.6] petition reaches the stage of a full-fledged evidentiary hearing."].)

record of conviction demonstrates that the petitioner is ineligible for relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at p. 960.) This is a purely legal conclusion, which we review de novo. (*Id*. at p. 961; *People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

### C. Analysis.

Defendant contends the superior court's ruling that a plea to attempted premeditated murder categorically precludes relief under section 1172.6 is erroneous. For the reasons *post*, we conclude this argument has merit.

As previously noted, the prima facie inquiry under section 1172.6, subdivision (c), is limited. (*Lewis*, *supra*, 11 Cal.5th at p. 971.) "Only where the record of conviction contains facts *conclusively* refuting the allegations in the petition may the court make credibility determinations adverse to the petitioner." (*People v. Flores* (2022) 76 Cal.App.5th 974, 991 (*Flores*).)

We begin by considering whether defendant's plea, admissions (if any), and the facts necessarily implied by them would preclude relief. "A defendant's guilty plea . . . is deemed to constitute a judicial admission of every element of the offense charged and severely restricts the defendant's right to appeal from the ensuing judgment. [Citations.]" (*People v. Bowie* (1992) 11 Cal.App.4th 1263, 1266.) However, a "defendant is not required to personally admit the truth of the factual basis of the plea, which may be established by defense counsel's stipulation to a particular document, such as a police report or a preliminary hearing transcript." (*People v. French* (2008) 43 Cal.4th 36, 50-

7

51; see *People v. Thoma* (2007) 150 Cal.App.4th 1096, 1104 [a general stipulation to a factual basis for a plea does not amount to an admission of particular facts].)

According to respondent, defendant pleaded guilty to all charges, and admitted that he personally inflicted great bodily injury on the victim during the commission of the assaults. However, there is no agreed upon factual basis for defendant's plea. The written plea form is marked "N/A" next to the statement, "I agree there is a factual basis for my plea." Although the prosecutor represented that the defendant agreed to the trial court taking the factual basis from the probation report that contained facts regarding the offense, there is nothing in the record of conviction to support this representation. Instead, the record of conviction consists solely of the indictment, the plea form, and the abstract of judgment. None of these documents *conclusively* refute defendant's allegations that his indictment allowed the prosecution to proceed under a theory of "attempted murder under the natural and probable consequences doctrine," he was convicted of attempted murder, and he could not presently be convicted of attempted murder because of the changes to sections 188 and 189. Despite the prosecutor's representations to the superior court, the court reporter filed an affidavit with this court declaring the notes for the May 27, 2005 transcript are no long available for preparation pursuant to Government Code section 69955, subdivision (e). Thus, there is no evidence showing what defendant agreed to regarding the factual basis for his plea.

Nonetheless, respondent argues the record shows the prosecution's theory of the case was defendant was the actual and sole perpetrator of attempted murder, and thus he

8

is ineligible for resentencing. While a defendant may no longer be held liable for attempted murder based on the natural and probable consequences doctrine, under current law, a "sole and actual perpetrator of the attempted murder . . . is ineligible for resentencing as a matter of law." (*People v. Patton* (2023) 89 Cal.App.5th 649, 657, review granted June 28, 2023, S279670.) However, the record of conviction fails to show the prosecution proceeded on a theory that the defendant was the actual and sole perpetrator of the attempted murder. The indictment charged defendant with willful, deliberate, and premeditated attempted murder and two counts of domestic violence assaults. The assault charges each included the allegation that defendant "personally inflicted great bodily injury upon [the victim], not an accomplice to the above offense" within the meaning of sections 12022.7, subdivision (e) and 1192.7, subdivision (c)(8); however, the attempted murder charge did not. As we previously noted, there is no agreed upon factual basis for defendant's plea, nor is there any evidence that conclusively demonstrates a prosecutorial theory that defendant was the actual and sole perpetrator of attempted murder.

Respondent disagrees and emphasizes defendant's admission that he personally inflicted great bodily injury on the victim during the domestic violence attack. We find this reliance misplaced. As defendant points out, the abstract of judgment supports a conclusion the attempted murder and assaults were based on separate acts, albeit, committed on the same day. The trial court imposed a sentence on the attempted murder (count 1) and a separate consecutive sentence on one count of assault with a deadly

weapon (count 3), plus three years on the personal infliction of great bodily injury enhancement (count 3). However, it stayed the sentences on two of the assault convictions (counts 2 and 4) under section 654, subdivision (a). Given this sentencing decision, it follows that the court found the attempted murder was based on a separate and distinct act from the assaults in counts 2 through 4, inclusive. Otherwise, the court would have stayed the sentences on all three assaults.

Because defendant's petition alleged the facts necessary for relief under section 1172.6, and nothing in the record conclusively demonstrates that he is ineligible for relief as a matter of law, we conclude that his petition made a prima facie showing of entitlement to relief. (*Lewis*, *supra*, 11 Cal.5th at pp. 970-972; § 1172.6, subd. (c); see also *Strong*, *supra*, 13 Cal.5th at p. 720.)

## III. DISPOSITION

The superior court's April 14, 2023, order is reversed. The matter is remanded to the superior court with directions to issue an order to show cause and conduct further proceedings in accordance with section 1172.6.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

CODRINGTON
J.

RAPHAEL
J.

10